Opinion issued March 4, 2010








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00817-CV

____________


MICHAEL TILOTTA, Appellant


V.


DEWANA SMITH-TILOTTA, Appellees






On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 2009-37647






MEMORANDUM OPINION

 We dismiss this appeal for want of jurisdiction.

 On August 25, 2009, in an interlocutory order, the trial court sustained a
contest to an affidavit of indigence that appellant, Michael Tilotta, filed pursuant to
Texas Rule of Civil Procedure 145. On December 31, 2009, the Clerk of this Court
sent appellant a notice letter advising him that the August 25, 2009 order he was
appealing appeared to be an interlocutory one, not legally authorized to be appealed. 
In the letter, the Clerk advised appellant that the Court might dismiss the appeal for
want of jurisdiction, unless, in a written response, he provided a meritorious
explanation showing that the Court had jurisdiction of the appeal. Appellant has filed
his response, conceding that the appeal must be dismissed for want of jurisdiction.

 The general rule, with a few mostly statutory exceptions, is that an appeal may
be taken only from a final judgment. Kossie v. Smith, No. 01-08-00065-CV, 2009
Tex. App. LEXIS 1739 at *1 (Tex. App.--Houston [1st Dist.] March 9, 2009, no pet.)
(mem. op.) (citing Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex. 2001)). 
Interlocutory orders may be appealed only if allowed by statute. Kossie, at *1(citing
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001)). The August
25, 2009 interlocutory order from which appellant has appealed is not an order that
is made appealable by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(Vernon 2008). Thus, we lack subject-matter jurisdiction over the interlocutory order
that appellant has appealed. See Kossie at *2 (dismissing appeal of interlocutory
order sustaining contest to affidavit of indigence); Kilsby v. Mid-Century Ins. Co. of
Tex., No. 14-07-00981-CV, 2008 Tex. App. LEXIS 2380, (Tex. App.--Houston [14th
Dist.] Apr. 3, 2008, no pet.) (memo op.) (dismissing appeal of interlocutory order
sustaining challenge to affidavit of inability to pay costs); see also In re K. J. M., No.
02-08-038-CV, 2008 Tex. App. LEXIS 1924 (Tex. App.--Fort Worth Mar. 13, 2008,
no pet.) (memo op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit and denying appointment of counsel to represent appellant in
habeas challenge to order of contempt in child-support-enforcement action). 

 We dismiss the appeal for lack of subject-matter jurisdiction. Any pending
motions are overruled as moot.

PER CURIAM

Panel consists of Justices Jennings, Hanks, and Bland.